IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-51183
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FREDDY ALONZO DIAZ-PEREZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-777-ALL

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Freddy Alonzo Diaz-Perez (Diaz) appeals his sentence following his guilty plea conviction for unlawfully reentering the United States following deportation. Diaz argues for the first time on appeal that the district court committed "significant procedural error" by failing to adequately explain the sentence it chose. See Gall v. United States, 128 S. Ct. 586, 597 (2007) (a district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court commits procedural error if fails to adequately explain its chosen sentence).

We review Diaz's argument for plain error only. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). Diaz's assertion that the district court's explanation of its sentence did not comport with Rita v. United States, 127 S. Ct. 2456 (2007), is without merit. Accordingly, Diaz has shown no procedural error, plain or otherwise, by the district court.

Diaz also argues that his sentence is unreasonable because the sentencing range set forth under the Guidelines was greater than necessary to accomplish the goals of sentencing set forth in 18 U.S.C. § 3553(a). He argues that although his sentence was within the guidelines range, it should not be presumed reasonable because U.S.S.G. § 2L1.2 is flawed under Kimbrough v. United States, 128 S. Ct. 558, 574 (2007). This argument also is reviewed for plain error only. See Garza-Lopez, 410 F.3d at 272.

Although Kimbrough made clear that a district court may, in certain cases, conclude that the Guidelines fail properly to reflect § 3553(a)'s considerations and may disagree with guidelines policy, it does not follow that a district court abuses its discretion when it concludes, as the district court did here, that the Guidelines are appropriate. Further, because the district court was free to vary from the Guidelines if it disagreed with the application of § 2L1.2, no plain error is shown. See United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008). Diaz has failed to overcome the presumption of reasonableness that should be afforded his within-guidelines sentence. See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

In assessing Diaz's sentence, the district court concluded that Diaz's prior offense was, in fact, serious and that Diaz had options other than illegally returning to the United States to avoid being kidnaped. The sentence was not unreasonable. Id.

AFFIRMED.